# SUPREME JUDICIAL COURT,

FOR THE

# EASTERN DISTRICT,

# 1853.

## COUNTY OF WALDO.

### ERSKINE *versus* BOYD.

A certificate in the caption of a deposition that "the deponent was first sworn according to law to the aforesaid deposition by him subscribed," does not sufficiently show that the oath was taken before the deponent had been examined as a witness.

Such a caption, therefore does not authorize the deposition to be received.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

CASE.

The plaintiff offered four depositions. They were objected to and were excluded. To that exclusion he excepted.

The only one of the depositions, as to which the exception was insisted upon, was that of Merrill Savage.

*N. Abbott*, for the plaintiff.

*Libbey*, for the defendant.

APPLETON, J. — The R. S. c. 133, § 15, require that "the deponent shall be first sworn to testify the truth, the whole truth and nothing but the truth relating to the cause or matter

for which the deposition is to be taken; and he shall then be examined," &c.   By § 17, of the same statute it is required that it should appear in the certificate of the magistrate annexed to the deposition "that the deponent was sworn according to law and when."

The magistrate in the caption to the deposition of Merrill Savage certifies that "the aforesaid deponent was first sworn according to law on this third day of January, A. D. 1853, to the aforesaid deposition by him subscribed this day," &c. From this it does not distinctly appear that the requisite oath was administered before the deponent was examined as a witness by the respective parties to the cause.   But the statute provides that the deponent should be sworn previously to his examination, so that all interrogatories shall be answered under the sanction of an oath.   The certificate of the magistrate does not clearly show this to have been the case and the deposition was properly excluded.   *Atkinson* v. *St. Croix Man. Co.* 24 Maine, 171; *Batchelder* v. *Merriam*, 34 Maine, 71.

It is unnecessary to consider the exceptions as to the other depositions, as they were not relied upon by the counsel for the plaintiff in argument.

*Exceptions overruled.   Nonsuit confirmed.*

SHEPLEY, C. J., and TENNEY and HATHAWAY, J. J., concurred.